IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGINA R. FUQUA, #179970, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:17-CV-251-WHA |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Regina R. Fuqua, a state inmate, filed this 42 U.S.C. § 1983 action in which she alleges that correctional officers failed to protect her from attack by another inmate on March 6, 2017 at the Julia Tutwiler Prison for Women.  Doc. No. 5 at 3.

Upon thorough review of the complaint, the court concludes that Fuqua's claims against the State of Alabama, the Alabama Department of Corrections and inmate Camille Fields are due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

**II.  STATE OF ALABAMA AND ALABAMA DEPT. OF CORRECTIONS**

The law is well-settled that the State of Alabama and its agencies, including the Alabama Department of Corrections, are absolutely immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against the State or any agency thereof as the action is proscribed by the

Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). There is no consent by the State or the Alabama Department of Corrections to this suit. Consequently, any claims lodged against the State of Alabama or the Alabama Department of Corrections are frivolous as such claims are "based on an indisputably meritless legal theory[,]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and the claims against these defendants are therefore due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  INMATE CAMILLE FIELDS

Fuqua asserts that inmate Fields initially assaulted her in an unprovoked attack and then again assaulted her when correctional officers failed to adequately restrain Fields. Under applicable federal law, the claims presented against inmate Fuqua provide no basis for relief in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action

      requires ... that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*Am. Mfrs.*, 526 U.S. at 49-50 (footnote omitted). It is clear that an inmate is not a state actor nor are her actions in any way attributable to the State. In light of the foregoing, the court concludes that the instant claim on which Fuqua seeks to proceed against inmate Fields in this 42 U.S.C. § 1983 action is frivolous and subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915 (e)(2)(B)(i).[1]

## IV.  CONCLUSION

      Accordingly, it is the Recommendation of the Magistrate Judge that:

      1. The plaintiff's federal claims for relief against the State of Alabama, the Alabama Department of Corrections and inmate Camille Fields be dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

      2. The State of Alabama, the Alabama Department of Corrections and inmate Camille Fields be dismissed as defendants in this cause of action.

      3. This case, with respect to the plaintiff's claims against Sgt. Baker, Sgt. Birmingham and Sgt. Hurst, be referred back to the undersigned for appropriate proceedings.

      On or before June 19, 2017, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal

---

[1] The plaintiff is advised that if she seeks to proceed in a civil action against Ms. Fields, she may do so by filing a state tort action for assault against this individual.

conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of June, 2017.

/s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE